**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROGER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; AMERICAN EXPRESS NATIONAL BANK; and USAA FEDERAL SAVINGS BANK,<br><br>Defendants. | ) | Case No. CIV-26-3276-SLP |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S PETITION**

Defendant, Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, submits its answer and defenses to Plaintiff Roger Williams' ("Plaintiff") Petition for Damages for Violations of the Fair Credit Reporting Act[1] (the "Complaint"). Except as expressly and specifically admitted herein, Experian denies, generally and specifically, each and every allegation contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific facts set out and not as to any conclusions, characterizations, implications, or contentions that may follow from or be contained in the alleged fact or in the Complaint as a whole. The headings used in this Answer track the headings used in the Complaint and are included solely for ease of

[1] Plaintiff filed this action as a "Petition" in the District Court of Kay County, State of Oklahoma, Case No. CJ-2026-00161, and it was thereafter removed to this Court. For ease of reference, and consistent with Fed. R. Civ. P. 7(a), the Petition is referred to herein as the "Complaint."

reference; to the extent any heading in the Complaint is deemed to contain any factual allegation, Experian denies each such allegation.

Experian further states that, although the Complaint references and purports to incorporate Exhibits A through G, no exhibits were attached to the Complaint as filed and served on Experian; Experian is therefore without knowledge or information sufficient to admit or deny the allegations purportedly supported by those exhibits and, on that basis, denies those allegations. Experian further states that its investigation into the allegations in the Complaint remains ongoing.

Responding to the specifically numbered paragraphs of the Complaint, Experian states as follows:

## I. NATURE OF ACTION

1. In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to assert claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Experian and other defendants. Experian further admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 2 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those

allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction under 15 U.S.C. § 1681p and 20 O.S. § 91. Experian states that these are legal conclusions which are not subject to denial or admission. Experian further states that this action has been removed to this Court and that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Experian states these are legal conclusions which are not subject to denial or admission. Experian states that venue is proper in this Court under 28 U.S.C. § 1441(a) because this action was removed from the District Court of Kay County, which is located within this District. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's address and where Plaintiff experienced the alleged harm and, on that basis, denies them. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

## III. PARTIES

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence and date of birth and, on that basis, denies them. Experian states that

whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion which is not subject to denial or admission. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and conducts business in the State of Oklahoma. Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian further admits that its registered agent in Oklahoma is C T Corporation System. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, Experian states that the allegations of this paragraph are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, Experian states that the allegations of this paragraph are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein

and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, Experian states that the allegations of this paragraph are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Experian states that the allegations of this paragraph are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 10 of the Complaint.

## IV. FACTUAL ALLEGATIONS

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's tri-bureau credit report and, on that basis, denies such allegations. Experian denies, generally and specifically each and every remaining allegation of paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contains therein

and, on that basis, denies, generally and specifically, each and every allegation of paragraph 12 of the Complaint. Experian further states that the documents Plaintiff purports to reference in this paragraph were not attached to the Complaint as filed and served on Experian.

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 13 of the Complaint, including all subparts. Experian further states that the documents Plaintiff purports to reference in this paragraph were not attached to the Complaint as filed and served on Experian.

14. In response to paragraph 14 of the Complaint, Experian admits that the referenced remarks, to the extent reflected in Experian's records, speak for themselves. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 14 of the Complaint. Experian further states that the documents Plaintiff purports to reference in this paragraph were not attached to the Complaint as filed and served on Experian.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 15 of the Complaint. Experian further states that the documents Plaintiff purports to

reference in this paragraph were not attached to the Complaint as filed and served on Experian.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation of paragraph 16 of the Complaint. Experian further states that the documents Plaintiff purports to reference in this paragraph were not attached to the Complaint as filed and served on Experian.

17. In response to paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian including any allegation that it violated 15 U.S.C. § 1681b. As to the remaining allegations related to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's recollection and authorization and, on that basis, denies them. Experian denies

the remaining allegations, including the alleged effect on Plaintiff's credit scores. Experian further denies, generally and specifically, each and every remaining allegation of paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any third-party "Credit Repair Cloud" audit or "CreditHeroScore" data and, on that basis, denies them. Experian denies that its reporting was inaccurate. Experian denies, generally and specifically, each and every remaining allegation of paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 21 of the Complaint. Experian further states that the documents Plaintiff purports to reference in this paragraph were not attached to the Complaint as filed and served on Experian.

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 22 of the Complaint including all subparts. Experian further states that the documents Plaintiff purports to reference in this paragraph were not attached to the Complaint as filed and served on Experian.

23. In response to paragraph 23 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To

the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of paragraph 23 of the Complaint.

## V. CAUSES OF ACTION

### COUNT I – Violation of 15 U.S.C. § 1681e(b)

24. In response to paragraph 24 of the Complaint, Experian incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

25. In response to paragraph 25 of the Complaint, the allegations state legal conclusions and characterizations of the FCRA and 15 U.S.C. § 1681e(b) to which no response is required. To the extent a response is required, Experian states that the referenced statute speaks for itself, and denies any characterization thereof that is inconsistent with the actual statutory text.

26. In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, including all subparts and further denies that it violated 15 U.S.C. § 1681e(b).

27. In response to paragraph 27 of the Complaint, Experian states that the allegations of this paragraph are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, Experian states that the allegations of this paragraph are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian, including that Plaintiff suffered any damages caused by any act or omission by Experian. As to the allegations that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. Experian denies that it violated the FCRA willfully or negligently and denies that Plaintiff is entitled to any damages, fees, or costs from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 30 of the Complaint.

**COUNT II – Violation of 15 U.S.C. § 1681i**

31. In response to paragraph 31 of the Complaint, Experian incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

32. In response to paragraph 32 of the Complaint, the allegations state legal conclusions and characterizations of the FCRA and 15 U.S.C. § 1681i(a)(1)(A) to which no response is required. To the extent a response is required, Experian states that the referenced statute speaks for itself, and denies any characterization thereof that is inconsistent with the actual statutory text.

33. In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein including any allegation that it violated 15 U.S.C. § 1681i.

**COUNT III – Violation of 15 U.S.C. § 1681b**

35. In response to paragraph 35 of the Complaint, Experian incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

36. In response to paragraph 36 of the Complaint, as to the first sentence, the allegations state legal conclusions and characterizations of the FCRA and 15 U.S.C.

§ 1681i(b) to which no response is required. To the extent a response is required, Experian states that the referenced statute speaks for itself, and denies any characterization thereof that is inconsistent with the actual statutory text. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's authorization of inquiries and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 36 of the Complaint.

37. In response to paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein as it relates to Experian, including any allegation that it violated 15 U.S.C. § 1681b. As to the allegations that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies each and every remaining allegation of paragraph 37 of the Complaint.

**COUNT IV – Violation of 15 U.S.C. § 1681s-2(b) (Against American Express National Bank and USAA Federal Savings Bank)**

38. In response to paragraph 38 of the Complaint, Experian incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

39. In response to paragraph 39 of the Complaint, Experian states that the allegations of this paragraph are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint, Experian states that the allegations of this paragraph are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 40 of the Complaint.

41. In response to paragraph 41 of the Complaint, Experian states that the allegations of this paragraph are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 41 of the Complaint.

## VI. DAMAGES

42. In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, including subparagraphs (a) through (e), and denies that Plaintiff has suffered any damages caused by Experian or is entitled to any damages, fees, or costs from Experian. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Complaint.

## VII. PRAYER FOR RELIEF

43.–52. In response to paragraphs 43 through 52 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in paragraphs 43 through 52, including

general, special, statutory, or punitive damages, costs, fees, any equitable relief, or any other relief whatsoever.

## VIII. RESPONSE TO DEMAND FOR JURY TRIAL

53. In response to paragraph 53 of the Complaint, Experian admits that Plaintiff has demanded a trial by jury on all issues so triable.

## DEFENSES

In further response to Plaintiff's Complaint, Experian asserts the following defenses, without conceding that it bears the burden of persuasion or production as to any of them and reserves the right to amend or supplement these defenses as discovery proceeds.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint, and each claim for relief therein, fails to state a claim upon which relief can be granted against Experian.

### SECOND DEFENSE
### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to 15 U.S.C. § 1681p.

### THIRD DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true or technically accurate and not materially misleading.

**FOURTH DEFENSE**
**(FAILURE TO MITIGATE DAMAGES)**

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate damages, if any damages exist.

**FIFTH DEFENSE**
**(LACHES)**

The Complaint and each claim for relief therein that seeks equitable relief, including Plaintiff's request for injunctive relief, are barred by laches.

**SIXTH DEFENSE**
**(CONTRIBUTORY/COMPARATIVE FAULT)**

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties including the furnishers of the account information at issue and the creditors that made the credit decisions alleged in the Complaint, and resulted from Plaintiff's or third parties' own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**SEVENTH DEFENSE**
**(ESTOPPEL)**

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**EIGHTH DEFENSE**
**(UNCLEAN HANDS)**

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

**NINTH DEFENSE**
**(INDEPENDENT INTERVENING CAUSE)**

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

**TENTH DEFENSE**
**(REASONABLE PROCEDURES)**

At all times relevant to this action, Experian maintained and followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, as required by 15 U.S.C. § 1681e(b). To the extent any noncompliance occurred, such noncompliance was not the result of any failure to maintain reasonable procedures.

**ELEVENTH DEFENSE**
**(GOOD FAITH COMPLIANCE / LACK OF WILLFULNESS)**

Experian at all relevant times acted in good faith and in conformity with the requirements of the FCRA. Any alleged violation was not willful within the meaning of 15 U.S.C. § 1681n, and Plaintiff is therefore not entitled to statutory or punitive damages.

**TWELFTH DEFENSE**
**(ABSENCE OF NEGLIGENT NONCOMPLIANCE)**

Experian did not negligently fail to comply with any requirement of the FCRA within the meaning of 15 U.S.C. § 1681o. Therefore, Plaintiff is not entitled to actual damages or any other relief predicated on negligent noncompliance.

**THIRTEENTH DEFENSE**
**(REASONABLE REINVESTIGATION)**

Experian conducted reasonable reinvestigations of each dispute Plaintiff submitted to Experian and communicated the results as required by 15 U.S.C. § 1681i. Where a furnisher verified the disputed information, Experian was entitled to report the account as verified and updated in accordance with the furnisher's response.

**FOURTEENTH DEFENSE**
**(INDEMNIFICATION)**

Experian is informed and believes and thereon alleges that any damages which Plaintiff may have suffered, which Experian continues to deny, were the result of acts or omissions of third persons over whom Experian had neither control nor responsibility, including the furnishers of the disputed account information. To the extent that Experian is responsible for any of the acts or harm alleged in the Complaint, Experian is entitled to seek and receive indemnity from one or more persons.

**FIFTEENTH DEFENSE**
**(ARBITRATION)**

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

**SIXTEENTH DEFENSE**
**(UNAVAILABILITY OF INJUNCTIVE RELIEF)**

Plaintiff's requests for orders directing Experian to delete or reinvestigate information are barred because the FCRA does not authorize injunctive or other equitable relief in private actions.

## EXPERIAN'S PRAYER FOR RELIEF

WHEREFORE, Experian prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint and that this action be dismissed with prejudice as to Experian;

(2) That judgment be entered in favor of Experian and against Plaintiff;

(3) That Experian be awarded its costs of suit and attorneys' fees to the extent permitted by law; and

(4) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Paige A. Masters*

PAIGE A. MASTERS, OBA #31142
AMELIA RAE RIDGEWAY, OBA #36905
**CROWE DUNLEVY**
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
paige.masters@crowedunlevy.com
amy.ridgeway@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2026, I electronically transmitted the above and foregoing document to the Court Clerk using the ECF system of filing. A true and correct copy was mailed this date, by depositing it in the U.S. Mail, postage prepaid, to:

Roger Williams, Pro Se
234 Quail Ridge Road
Ponca City, Oklahoma 74604

/s/ *Paige A. Masters*
Paige A. Masters